MILLARD HECTOR v. STATE

No. 25594. December 19, 1951.
Rehearing Denied February 13, 1952.

Hon. J. R. Black, Judge Presiding.

*Bryan Bradbury*, Abilene, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated as a second offender; the punishment, one year on the penitentiary.

No statement of facts accompanies the record.

The one bill of exception reflects that the following occurred. A Mrs. Stitts was called as a witness and asked the following question by appellant's counsel: "Is Millard (referring to the appellant) getting better?" To this question, she answered:

"Millard is getting much better. He is much better than he was. He don't give me any trouble at all, and the times when I have seen him, he is always just as sweet to me as he can be, and he's a hard working boy, and I want you Jury men to remember that a few seed of mercy scattered here will flourish in the sky, and my boy don't need to go to the penitentiary. He is not a criminal. Remember that. He is not a criminal. He is an honest, good boy, and I need him. If he had something to be sent down there for, it would be different, but God knows and I know that a few seed of mercy scattered here will flourish in the sky. He is the best hearted boy you ever saw, and I am not saying it to boast. I am thankful to God because he has a Christian mother. He has a Christian mother and he had a Christian father."

At the conclusion of this answer or voluntary statement, none of which was objected to by appellant nor did he make any effort to stop her, the prosecutor asked the witness, "He has

been convicted of burglary, has he not?" The witness did not answer, and the question was asked again. At this juncture, appellant objected, and the court instructed the jury not to consider the testimony. Following this, the prosecutor asked, "Has he been convicted of aggravated assault?" Here, the appellant moved for a mistrial, which was denied, but the court stated to the jury:

"I think she went too far, but Gentlemen don't consider it, don't ask *anymore* questions on that line; forget her testimony about his being a criminal and just don't consider it for any purpose."

If appellant did not intend to place in issue his reputation as a law abiding citizen, he should have acted promptly in an effort to stop his witness. This he failed to do, and the trial judge responded to his objection when finally advised that appellant contended that his reputation was not in issue. We are unable to agree that the trial court erred in refusing to declare a mistrial because of the unanswered questions of the district attorney.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

GRAVES, Presiding Judge.

In his motion for rehearing appellant again complains of the fact that after Mrs. Stitts had made the answer set out in the original opinion that the state then asked her whether or not he had been convicted of a burglary prior to that time. There was no answer made to this question, and the court immediately instructed the jury not to consider the same. The same thing occurred when the prosecutor asked her whether or not the appellant had been convicted of an aggravated assault. Upon objection, the court instructed the jury not to consider the question, and also admonished the county attorney to forget her testimony and not consider it for any purpose.

We think we were correct in disposing of this matter in our original opinion. The motion for rehearing is therefore overruled.